# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROBERT D. KEITH,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>STATE OF WISCONSIN OFFICE OF SECRETARY OF STATE, MILWAUKEE COUNTY COURTHOUSE, BUREAU OF CHILD SUPPORT, WISCONSIN DEPARTMENT OF REVENUE, WISCONSIN DEPARTMENT OF MOTOR VEHICLES, U.S. DEPARTMENT OF THE TREASURY BUREAU OF THE FISCAL SERVICE, VALERIA LENISE TAYLOR, DENALI INGREDIENTS LLC, ARCH INSURANCE COMPANY, MILWAUKEE CENTER FOR INDEPENDENCE INC., WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT WORKERS COMPENSATION DIVISION, AURORA SINAI MEDICAL CENTER, and DAKOTA INTERTEX,<br><br>　　　　　　Defendants. | Case No. 24-CV-1015-JPS<br><br>**ORDER** |

　　　　Plaintiff Robert D. Keith ("Plaintiff"), proceeding pro se, sues the above-captioned Defendants on his own behalf and "on the behalf of the government," alleging a variety of claims related to his state court child support and paternity proceedings. ECF No. 1 at 3.

This Order screens Plaintiff's complaint and, finding that it presents significant pleading and jurisdictional deficiencies, grants Plaintiff leave to both (1) hire counsel because he may not proceed pro se in a purported *qui tam* False Claims Act action and (2) file an amended complaint that corrects the described deficiencies. Accordingly, the Court defers ruling on Plaintiff's motion for leave to proceed without prepayment of the filing fee. ECF No. 2. If Plaintiff does not file an amended complaint by the below-stated deadline, or files one which remains deficient, the Court will dismiss this case without prejudice and deny as moot Plaintiff's motion for leave to proceed without prepayment of the filing fee.

1.      **SCREENING STANDARDS**

Notwithstanding the payment of any filing fee, the Court may screen a complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (citing *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires parties to make their pleadings

straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

The complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 516 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

## 2. RELEVANT ALLEGATIONS

Plaintiff's allegations are difficult to discern. As best as the Court can glean, Plaintiff primarily seeks to bring a *qui tam* False Claims Act, 31 U.S.C. § 3729 et seq., ("FCA") action. He cites Sections 3729 and 3730 of the "U.S. Code," which are part of the FCA, as the statutes under which he sues, and he contends that his action is properly filed in this District because a § 3730 case "may be brought in any judicails [sic] in which the defendant, or in the case of multiple defendants, any one defendant[,] can be found, resides,

transacts business, or in which any act proscribed by section U.S. Code . . . 3729 occurred." ECF No. 1 at 3, 5 (same), 7 (referencing "false act[s]"); *see also* 31 U.S.C. § 3732(a) ("Any action under section 3730 may be brought in any judicial district in which the defendant or, in the case of multiple defendants, any one defendant can be found, resides, transacts business, or in which any act proscribed by section 3729 occurred.").

Plaintiff writes that he would like the Court to review his proffered "evidence," which the Court understands to refer to attachments to the complaint, to assess whether the five elements of a false claim have occurred. ECF No. 1 at 3 (listing five elements, including "presenting a false claim" and "delivering a certified receipt with intent to defraud the U.S. government"). In attachments to his complaint, he lists four state court case numbers, each of which appears to pertain to a different paternity or child support proceeding. ECF No. 1-1 at 8, 9, 14, 19.[1] He offers these case numbers to assist the Court in assessing "how the Bureau of Child Support use[d] the other defendants . . . to criminally defraud the United States Government and deprive [Plaintiff] and citizens of their constitutional rights." ECF No. 1 at 3–4. He contends that the above-captioned Defendants' acts and "inten[t] to defraud the government" "are

---

[1]Public records indicate that Plaintiff has also litigated additional child support and paternity proceedings with different case numbers. *See, e.g.*, *In re the Paternity of J.N.S.*, No. 2024PA15PJ (Brown Cnty. June 5, 2024), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2024PA000015PJ&countyNo=5&index=0 (last visited Sept. 9, 2024); *In re the Paternity of M.N.H.*, No. 2018PA193PJ (Brown Cnty. Oct. 17, 2018), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2018PA000193PJ&countyNo=5&index=0 (last visited Sept. 9, 2024); *In re the Paternity of Z.L.U.K.*, No. 2017PA161PJ (Brown Cnty. Sept. 19, 2017), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2017PA000161PJ&countyNo=5&index=0 (last visited Sept. 9, 2024).

unconstitutional due to the financial incentives [they] create[] that have allowed for corrupt actors to proliferate and abuse the law to willfully deprive [Plaintiff] and citizens of their constitutional rights under color of law." *Id.* at 6.

Plaintiff specifically asserts that when he has sought and reviewed copies of records in his child support and paternity proceedings, they have not been his "full records," as certain child support payments he has made were not shown or shown inaccurately. *Id.* at 8–10. He contends that these records thus demonstrate presentation of a false claim within the meaning of the FCA. *Id.* at 9. He also alleges that the records inaccurately detail the delivery and receipt of payments between governmental entities. *Id.* at 11. As additional false claims in the child support and paternity proceedings, Plaintiff raises a lien on his car and an attack on his credit score, *id.* at 11–12, inaccurate descriptions of his employment history, *id.* at 12–13, and inaccurate descriptions of his medical records, *id.* at 15.

Plaintiff asserts that the attachments to his complaint show not only evidence of false claims, but also that his due process rights have been violated. *Id.* at 7. As to his due process rights, Plaintiff asserts that the listed child support and paternity cases were never heard in court, but they still "leave [him] on" the records. *Id.* He also has been denied records when he has asked for them. *Id.* at 8. When he did receive his records, they showed inaccurate dates and sentences for prior felonies, which he alleges is a further due process violation. *Id.* at 10. He also argues that he has been discriminated and retaliated against in the child support proceedings. *Id.* at 14.

As relief, Plaintiff seeks monetary damages and for the above-captioned Defendants to "stop abusing the law" by making false claims. *Id.* at 17–18.

## 3. ANALYSIS

Plaintiff's complaint suffers from several pleading defects and jurisdictional deficiencies. At the outset, "a pro se relator cannot prosecute a *qui tam* action under the FCA." *United States ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 F. App'x 731, 732 (7th Cir. 2006) (citing *United States ex rel. Lu v. Ou*, 368 F.3d 773, 775 (7th Cir. 2004), *abrogated on other grounds by United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928 (2009)). Thus, to the extent that Plaintiff solely seeks to bring an action under the FCA, he must hire counsel to represent him, or the Court will be constrained to dismiss the FCA claim. *Id.*[2]

---

[2]If Plaintiff asks the Court to appoint him counsel, he must first take several steps, which are detailed below. At this juncture, however, the Court is not inclined to appoint Plaintiff counsel given Plaintiff's prior foray in federal court, discussed *infra*, and because the Court finds the complaint as written largely "incoherent." *Lu*, 368 F.3d at 776.

Civil litigants such as Plaintiff have "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, 28 U.S.C. § 1915(e)(1) authorizes the court to "request an attorney to represent any person unable to afford counsel." The decision whether to grant a request for counsel is a discretionary one. *James*, 889 F.3d at 326 (citing *Pruitt*, 503 F.3d at 654).

In evaluating such a request, district courts are required to consider "*both* the difficulty of the case *and* the pro se plaintiff's competence to litigate it himself." *Pruitt*, 503 F.3d at 649 (emphasis added). Ultimately, the question is whether "the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. A pro se plaintiff must not only provide the Court with an explanation on these points but must also offer reasons why counsel should be appointed that are not common to many other pro se litigants. *See Young v. MilliporeSigma*, No. 18-CV-432-JPS, 2018 U.S. Dist. LEXIS 198281, at *2 (E.D. Wis. Nov. 21, 2018) (citing

Second, to the extent Plaintiff wishes to bring a standalone due process claim (which the Court understands as a Fourteenth Amendment procedural due process claim) on his own behalf *in addition to* the FCA claim, "*qui tam* litigation is subject to requirements that make combining it with a personal damages suit awkward." *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 852 (7th Cir. 2009). "The procedural differences between personal and *qui tam* litigation are so great that it is often impractical to pursue both claims in one suit—and sometimes impossible . . . ." *Id.* Therefore, if Plaintiff hires counsel to represent him in this case—as he must if he intends to pursue an FCA action—the Court would more than likely sever the due process claim from the FCA claim. *See id.* at 853 ("If joined in a single complaint, they often should be severed under Fed. R. Civ. P. 20(b).").

However, third and most importantly, in the event that Plaintiff chooses not to hire counsel to represent him in *qui tam* litigation, leaving the Court to dismiss the FCA claim and Plaintiff to proceed on only the due process claim, that claim as currently pleaded is jurisdictionally barred for two reasons.

---

*Bracey v. Grondin*, 712 F.3d 1012, 1017–18 (7th Cir. 2013); *Pruitt*, 503 F.3d at 656 (observing that the Seventh Circuit has "resisted laying down categorical rules regarding recruitment of counsel in particular types of cases"); and *Harper v. Bolton*, 57 F. Supp. 3d 889, 893 (N.D. Ill. 2014) (same)).

The district court is also to inquire as to whether "the indigent plaintiff made a reasonable attempt to obtain counsel or [has] been effectively precluded from doing so." *Pruitt,* 503 F.3d at 654 (citation omitted). Normally, a court would further consider "the plaintiff's literacy, communication skills, educational level, and litigation experience," as well as any information bearing on "the plaintiff's intellectual capacity and psychological history." *Id.* at 655.

First, claims like Plaintiff's are subject to the domestic-relations exception to federal jurisdiction, which the Seventh Circuit has already explained to Plaintiff in a prior case: "Keith's challenge to the state child-support orders and his allegations of state actors' interference with his parental rights fall in the core of cases contemplated by this exception." *Keith v. Wis. Dep't of Workforce Dev.*, No. 21-2398, 2022 WL 741731, at *2 (7th Cir. Mar. 11, 2022) (citing *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998)), *cert. denied*, 143 S. Ct. 184 (2022).[3] In this case, Plaintiff again seeks the Court's involvement in his child support and paternity proceedings, which the state courts possess "superior proficiency in addressing." *Id.* (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992); *Struck v. Cook Cnty. Public Guardian*, 508 F.3d 858, 859–60 (7th Cir. 2007)). This is particularly true where, as here, Plaintiff's allegations deal with "the possession of property in the custody of a state court" or desired modifications to the child support orders and associated records. *Cruz v. Robert Bosch Auto., Steering, LLC*, No. 1:21-CV-06794, 2023 WL 5277887, at *3 (N.D. Ill. Aug. 16, 2023) (quoting *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th

---

[3]The result of Plaintiff's prior case may be why he seeks to proceed under the FCA in this case. The Court will not delve into a claim preclusion analysis at this juncture, but Plaintiff's current case may well fall within that ambit. District Judge Brett H. Ludwig dismissed the case underlying Plaintiff's appeal for lack of subject-matter jurisdiction in 2021, applying many of the same doctrines the Court goes on to apply in this Order. *See Keith v. Wis. Dep't of Workforce Dev.*, No. 21-CV-446, ECF No. 19 (BHL) (E.D. Wis. July 16, 2021). In that case, Plaintiff, as in this case, raised challenges to and sought to overturn "several Wisconsin administrative and court orders related to his thirty years of unpaid child support" and argued that "Milwaukee County courts have fraudulently deprived him of his custodial rights and therefore improperly required him to pay child support." *Id.*; *Keith*, 2022 WL 741731, at *1.

Cir. 2018)). The due process claim is therefore jurisdictionally barred as pleaded under the domestic-relations exception to federal jurisdiction.

Second, although the Seventh Circuit has recently revisited the *Rooker-Feldman* doctrine, which derives from *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), courts continue to hold that cases that "in effect, ask[] [federal courts] to order relief from state court judgments that imposed child support obligations" are jurisdictionally barred. *Rodriguez v. Lancaster Grant Cnty. Child Support Agency*, No. 23-CV-755-WMC, 2024 WL 3924576, at *2 (W.D. Wis. Aug. 23, 2024) (citing *Gilbank v. Wood Cnty. Dep't of Human Servs.*, __F.4th__, 2024 WL 3616798, at *6 (7th Cir. Aug. 1, 2024) (en banc) and *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002)). The crux of Plaintiff's due process claim challenges state court child support judgments and post-judgment records that "derive directly from those judgments."[4] *Keith*, 2022 WL 741731, at *2. Adjudicating the claim would require the Court to review and potentially impose relief from these state court judgments and associated records. It is therefore jurisdictionally barred as pleaded under the *Rooker-Feldman* doctrine.

As the Court noted above, it will grant Plaintiff time to hire counsel to pursue the *qui tam* FCA action. It will also grant Plaintiff leave to remedy the jurisdictional deficiencies as to the due process claim if he believes that

---

[4] To the extent that the child support and paternity proceedings are ongoing, claims related thereto are barred under *Younger v. Harris*, 401 U.S. 37 (1971) and "*Milchtein v. Chisholm*, 880 F.3d 895 (7th Cir. 2018), which together hold that federal courts may not intervene in ongoing state criminal cases or state child-welfare or child-custody proceedings." *Howell v. Manitowoc Cnty. Hum. Servs.*, No. 21-CV-1069-JPS, 2022 WL 2208876, at *3 (E.D. Wis. June 21, 2022), *aff'd*, No. 22-2184, 2023 WL 6492083 (7th Cir. Oct. 5, 2023).

he can state a claim for relief that is not jurisdictionally barred. If Plaintiff hires counsel, counsel must file a notice of appearance on or before **September 30, 2024**. If Plaintiff chooses to amend his complaint, any amended complaint must be filed by **October 7, 2024**. Plaintiff is reminded that if he does not hire counsel and the amended complaint again raises the FCA claim, the Court will be constrained to dismiss the claim.

4. **CONCLUSION**

For the reasons stated above, the Court will grant Plaintiff leave to hire counsel and to file an amended complaint. Failure to file an amended complaint by **October 7, 2024** will result in dismissal of this action without prejudice for lack of jurisdiction under the case law and doctrines set forth above. The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to **five additional sheets of paper**.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). In other words, a piecemeal amendment is not permitted. If

Plaintiff wishes to file an amended complaint, he must include **clear and concise iterations** of *all* of the allegations and claims (including those from the original complaint) that he wishes to make, in a single filing without reference to other documents. If an amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915.

**The Court warns Plaintiff that if he fails to comply with this or any of the Court's orders, his case will be dismissed without further notice for failure to prosecute.**

Accordingly,

**IT IS ORDERED** that Plaintiff Robert D. Keith has leave to hire counsel to pursue his *qui tam* False Claims Act claim; such counsel must file a notice of appearance by **September 30, 2024**;

**IT IS FURTHER ORDERED** that Plaintiff Robert D. Keith shall **FILE** an amended complaint by **October 7, 2024**, using the provided form and in accordance with the instructions provided herein; failure to do so will result in dismissal of the action without prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff Robert D. Keith a blank non-prisoner amended complaint form along with this Order.

Dated at Milwaukee, Wisconsin, this 9th day of September, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 11 of 12
Case 2:24-cv-01015-JPS   Filed 09/09/24   Page 11 of 12   Document 4

Plaintiff will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.