# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROBERT D. KEITH, | |
| Plaintiff, | |
| v. | Case No. 24-CV-1015-JPS |
| STATE OF WISCONSIN OFFICE OF SECRETARY OF STATE, MILWAUKEE COUNTY COURTHOUSE, BUREAU OF CHILD SUPPORT, WISCONSIN DEPARTMENT OF REVENUE, WISCONSIN DEPARTMENT OF MOTOR VEHICLES, U.S. DEPARTMENT OF THE TREASURY BUREAU OF THE FISCAL SERVICE, VALERIA LENISE TAYLOR, DENALI INGREDIENTS LLC, ARCH INSURANCE COMPANY, MILWAUKEE CENTER FOR INDEPENDENCE INC., WISCONSIN DEPARTMENT OF WORKFORCE DEVELOPMENT WORKERS COMPENSATION DIVISION, AURORA SINAI MEDICAL CENTER, and DAKOTA INTERTEX, | **ORDER** |
| Defendants. | |

Plaintiff Robert D. Keith ("Plaintiff"), proceeding pro se, sues the above-captioned Defendants on his own behalf and "on the behalf of the government," alleging a variety of claims related to his state court child support and paternity proceedings as well as claims related to previous employment and injuries he sustained while incarcerated. ECF No. 7.

Plaintiff also moves the Court for a scheduling conference and settlement. ECF No. 8.

## 1. INTRODUCTION

This Order screens Plaintiff's amended complaint and, finding that it presents significant pleading and jurisdictional deficiencies, (1) dismisses certain claims, and (2) grants Plaintiff leave to file an amended complaint as to the claim of his choice that corrects the described deficiencies in that claim. Accordingly, the Court again defers ruling on Plaintiff's motion for leave to proceed without prepayment of the filing fee. ECF No. 2; ECF No. 4 at 2. If Plaintiff does not file a second amended complaint by the below-stated deadline, or files one which remains deficient, the Court will dismiss this case without prejudice and deny as moot Plaintiff's motion for leave to proceed without prepayment of the filing fee. This Order also denies Plaintiff's motion for a scheduling conference. ECF No. 8.

## 2. MOTION TO PROCEED IN FORMA PAUPERIS

A party proceeding pro se may submit a request to proceed without prepaying the filing fees, otherwise known as a motion to proceed in forma pauperis. "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure [that] indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).[1]

---

[1]Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court engages in this part of the inquiry *infra* Section 3.

It follows that a litigant whose complaint does not clear the § 1915(e)(2) threshold or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those "impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

---

non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds as recognized by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

The Court will again defer ruling on Plaintiff's motion to proceed in forma pauperis while Plaintiff may choose to amend his complaint to cure its current deficiencies.

## 3. SCREENING THE AMENDED COMPLAINT

### 3.1 Legal Standard

Notwithstanding the payment of any filing fee, the Court may screen a complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke*, 490 U.S. at 325); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (citing *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

A complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that

possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 516 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

### 3.2 Relevant Allegations

Plaintiff's allegations in the amended complaint are difficult to decipher. As best the Court can interpret, Plaintiff again seeks to bring a *qui tam* action under the False Claims Act, 31 U.S.C. § 3729 et seq. ("FCA"). *See* ECF No. 7 at 6. It appears that Plaintiff's FCA claims relate to the same four state court cases he mentioned in his original complaint, each of which appears to pertain to a different paternity or child support proceeding. *Id.* at 7 (stating that "4 separate[] cases [are] involved here" and listing case numbers); *see also* ECF No. 1-1 at 8, 9, 14, 19.[2] Plaintiff alleges broadly that

---

[2]The Court was unable to locate Wisconsin cases corresponding to the case numbers Plaintiff provided. However, public records indicate that Plaintiff has litigated child support and paternity proceedings in Wisconsin with different case numbers. *See, e.g.*, *In re the Paternity of J.N.S.*, No. 2024PA15PJ (Brown Cnty. Cir Ct. June 5, 2024), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2024PA000015PJ&countyNo= 5&index=0 (last visited Jan. 10, 2025); *In re the Paternity of M.N.H.*, No. 2018PA193PJ (Brown Cnty. Cir. Ct. Oct. 17, 2018), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2018PA000193PJ&countyNo=

the Defendants are involved in false claims related to child support. ECF No. 7 at 2–3 (alleging that Defendants harmed Plaintiff by "making . . . [f]alse, [f]ictitious, or [f]raudulent claims," suggesting that the false claims related to "co child support," and listing case numbers for paternity and child support proceedings). He specifically alleges that the lien on his car is part of the "false claim for payment by child support." *Id.* at 8. He claims that he was sent mail "from the Department of Treasury [and] Bureau of the Fiscal Service and Milwaukee Co[] Child Support Agency . . . with the intent to defraud [him] and the government with a false act." *Id.* Plaintiff also alleges, as part of his FCA claims, that various of the named defendants made "false claims for payment." *Id.* at 8–9 (alleging that "ARCH Insurance," "the Wisconsin Department of Workforce Development," "Advocate Auro[r]a Health," and the "Wisconsin Department of Workforce Development Worker Compensation" were involved in false claims for payment).

The Court reads the amended complaint to separately allege that Plaintiff's due process rights were violated related to various state criminal proceedings in which he was the defendant. *Id.* at 7. While the Court was unable to determine to which proceedings Plaintiff refers with some of his provided case numbers, the ones the Court can ascertain are nearly thirty years old. *See State of Wisconsin v. Robert David Keith*, 1994CF944931, (Milwaukee Country Cir. Ct. Sept. 30, 1994), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=1994CF944931&county No=40&index=0&mode=details (last visited Jan. 10, 2025); *State of Wisconsin*

---

5&index=0 (last visited Jan. 10, 2025); *In re the Paternity of Z.L.U.K.*, No. 2017PA161PJ (Brown Cnty. Cir. Ct. Sept. 19, 2017), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2017PA000161PJ&countyNo= 5&index=0 (last visited Jan. 10, 2025).

*v. Robert David Keith*, 1994CF944932 (Milwaukee County Cir. Ct. Aug. 23, 1994), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=1994CF944932&county No=40&index=0&mode=details (last visited Jan. 10, 2025); *State of Wisconsin v. Robert David Keith*, 1994CF944933, (Milwaukee Country Cir. Ct. Aug. 23, 1994), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=1994CF944933&county No=40&index=0&mode=details (last visited Jan. 10, 2025); *State of Wisconsin v. Robert David Keith*, 1994CF944934, (Milwaukee Country Cir. Ct. Aug. 23, 1994), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=1994CF944934&county No=40&index=0&mode=details (last visited Jan. 10, 2025). The only allegation that Plaintiff details related to these cases—and the other cases, which the Court cannot locate—is that his attorney violated his constitutional rights by "misrepresentation and using threats [related to] more time." ECF No. 7 at 7. He adds that "this happened on 10/9/95." *Id.*

Plaintiff additionally asserts claims against two different employers in the amended complaint. First, he says that he was wrongfully terminated from his employment at Denali Ingredients LLC ("Denali") because he was injured on the job. *Id.* at 4. Second, Plaintiff alleges that his Fourteenth Amendment Equal Protection rights while he worked at Dakota Intertex ("Intertex") were violated because he was called a racial slur on the job. *Id.* at 3.

As relief, Plaintiff seeks monetary damages and for the above-captioned Defendants to "stop targeting" him. *Id.* at 11.

### 3.3    Analysis

Plaintiff raises, and/or the Court discerns, the following legal claims in the complaint:

- Various False Claims Act "Qui Tam" Claims
- Fourteenth Amendment Due Process Claims
- Wrongful Termination Claim
- Employment-Related Discrimination Claim
- Attorney Misrepresentation Claim
- Claim Related to Injury While Incarcerated

As described below, some of these claims cannot proceed and will be dismissed. For those claims on which Plaintiff is permitted to amend his complaint, Plaintiff must first address and correct a fundamental issue with his complaint. It appears that Plaintiff has improperly joined "[u]nrelated claims against different defendants" by raising in the same lawsuit allegations against two former employers—Denali and Intertex—and allegations about his attorney's representation in his criminal proceedings. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). While "multiple claims against a single party are fine, . . . Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.*; *see also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions"); *e.g.*, *Yeoman v. Fry*, No. 23-CV-188-JPS, 2024 WL 551835, at *6 (E.D. Wis. Feb. 12, 2024). This limitation on joining unrelated claims in the same lawsuit exists to ensure that lawsuits are administrable. *George*, 507 F.3d at 607.

    As it stands, Plaintiff's amended complaint does not explain how his claims against two previous employers are related to one another. It

certainly does not explain how any employment-related claims are also properly joined with claims about his attorney's representation related to his criminal proceedings. If Plaintiff cannot demonstrate a factual connection between those three claims, then those claims cannot proceed together in a single lawsuit.

Plaintiff will be given an opportunity to amend his complaint to correct the issue of joinder of apparently unrelated claims. As explained below, he will be permitted to amend his complaint to cure additional deficiencies related to certain claims. If he chooses to do so, Plaintiff's amended complaint may include **just one** set of facts and claims—(1) his claim against Denali, (2) his claim against Intertex, **or** (3) his attorney misrepresentation claim. Any claims that Plaintiff omits from his second amended complaint, should he choose to amend again, will stand dismissed without prejudice. This means that Plaintiff may raise those omitted claims in separate lawsuits. *See Yeoman*, 2024 WL 551835, at *6.

### 3.3.1   False Claims Act "Qui Tam" Claim

At this stage, Plaintiff's qui tam claims must be dismissed because "a pro se relator cannot prosecute a *qui tam* action under the FCA." *United States ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 F. App'x 731, 732 (7th Cir. 2006) (citing *United States ex rel. Lu v. Ou*, 368 F.3d 773, 775 (7th Cir. 2004), *abrogated on other grounds by United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928 (2009)). Thus, to the extent that Plaintiff sought to bring an action under the FCA, he was required to hire counsel to represent him. *See* ECF No. 4 at 6. Plaintiff has not hired counsel to represent him for his FCA claim, and the Court denied his motion to appoint counsel because Plaintiff "ha[d] not satisfied the requirement for appointment of counsel, of which the Court warned [Plaintiff] in its screening order." ECF No. 6 at 4.

The Court repeatedly warned Plaintiff that it would dismiss his FCA claim with prejudice if he failed to hire someone to represent him. *Id.* at 5; ECF No. 4 at 10 ("Plaintiff is reminded that if he does not hire counsel and the amended complaint again raises the FCA claim, the Court will be constrained to dismiss the claim."). Because Plaintiff has not hired an attorney or satisfied the requirements for appointment of counsel, instead continuing to pursue his FCA claim pro se, the Court must dismiss his FCA claim without prejudice.

### 3.3.2 Individual Due Process Claim

To the extent Plaintiff wishes to bring standalone due process claims related to his paternity and child support cases (which would proceed under the Fourteenth Amendment) on his own behalf in addition to the FCA claim, that claim as currently pled is jurisdictionally barred for the same two reasons the Court delineated in its order dismissing his original complaint:

> First, claims like Plaintiff's are subject to the domestic-relations exception to federal jurisdiction, which the Seventh Circuit has already explained to Plaintiff in a prior case: "Keith's challenge to the state child-support orders and his allegations of state actors' interference with his parental rights fall in the core of cases contemplated by this exception." *Keith v. Wis. Dep't of Workforce Dev.*, No. 21-2398, 2022 WL 741731, at *2 (7th Cir. Mar. 11, 2022) (citing *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998)), *cert. denied*, 143 S. Ct. 184 (2022). In this case, Plaintiff again seeks the Court's involvement in his child support and paternity proceedings, which the state courts possess "superior proficiency in addressing." *Id.* (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992); *Struck v. Cook Cnty. Public Guardian*, 508 F.3d 858, 859–60 (7th Cir. 2007)). This is particularly true where, as here, Plaintiff's allegations deal with "the possession of property in the custody of a state court" or desired modifications to the child support orders and associated

records. *Cruz v. Robert Bosch Auto., Steering, LLC*, No. 1:21-CV-06794, 2023 WL 5277887, at *3 (N.D. Ill. Aug. 16, 2023) (quoting *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018)). The due process claim is therefore jurisdictionally barred as pleaded under the domestic-relations exception to federal jurisdiction.

Second, although the Seventh Circuit has recently revisited the *Rooker-Feldman* doctrine, which derives from *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), courts continue to hold that cases that "in effect, ask[] [federal courts] to order relief from state court judgments that imposed child support obligations" are jurisdictionally barred. *Rodriguez v. Lancaster Grant Cnty. Child Support Agency*, No. 23-CV-755-WMC, 2024 WL 3924576, at *2 (W.D. Wis. Aug. 23, 2024) (citing *Gilbank v. Wood Cnty. Dep't of Human Servs.*, __ F.4th __, 2024 WL 3616798, at *6 (7th Cir. Aug. 1, 2024) (en banc) and *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002)). The crux of Plaintiff's due process claim challenges state court child support judgments and post-judgment records that "derive directly from those judgments." *Keith*, 2022 WL 741731, at *2. Adjudicating the claim would require the Court to review and potentially impose relief from these state court judgments and associated records. It is therefore jurisdictionally barred as pleaded under the *Rooker-Feldman* doctrine.

ECF No. 4 at 7–9. In addition to the bases noted above, the Court warned that

[t]o the extent that the child support and paternity proceedings are ongoing, claims related thereto are barred under *Younger v. Harris*, 401 U.S. 37 (1971) and "*Milchtein v. Chisholm*, 880 F.3d 895 (7th Cir. 2018), which together hold that federal courts may not intervene in ongoing state criminal cases or state child-welfare or child-custody proceedings." *Howell v. Manitowoc Cnty. Hum. Servs.*, No. 21-CV-1069-JPS, 2022 WL 2208876, at *3 (E.D. Wis. June 21, 2022), *aff'd*, No. 22-2184, 2023 WL 6492083 (7th Cir. Oct. 5, 2023).

*Id.* at 9 n. 4.

For the reasons stated above, the Court lacks subject-matter jurisdiction to consider Plaintiff's due process claims related to his paternity and child support cases. It will, accordingly, dismiss those claims without prejudice. *Lauderdale-El v. Indiana Parole Board*, 35 F.4th 572, 576 (7th Cir. 2022) ("Dismissals for lack of subject-matter jurisdiction are necessarily without prejudice . . . ." (citing *Page v. Democratic Nat'l Committee*, 2 F.4th 630, 639 (7th Cir. 2021))). While normally the Court grants a self-represented party leave to attempt to amend his complaint to cure the deficiencies identified, it need not grant leave when "any amendment would be futile or otherwise unwarranted . . .". *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015) (quoting *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). The Court has already granted Plaintiff leave to amend his complaint and informed him of each of the jurisdictional issues discussed above. *See* ECF No. 4 at 7–9. Despite these warnings, Plaintiff's amended complaint fails to address or cure any of its deficiencies. Because Plaintiff has not—and it appears that he could not, in any instance—cure the jurisdictional issues described above, the Court finds that any additional amendment with respect to the due process claims would be futile. The Court will therefore dismiss Plaintiff's due process claims regarding his child support and paternity cases without prejudice. *See Lauderdale-El*, 35 F.4th at 576.

As described below, the Court will grant Plaintiff leave to amend with respect to **other** claims, but if Plaintiff again includes claims related to his paternity and child support actions and subsequent efforts to collect child support that he owes, the Court will dismiss those claims without

prejudice and impose a filing bar on Plaintiff to prevent him from again bringing those jurisdictionally-barred claims before the Court.

### 3.3.3 Employment Claims

Plaintiff makes two separate claims related to his employment. First, he alleges that Intertex "violated [his] [Fourteenth] Amendment Equal Protection . . . and . . . due process" rights because he was called a racial slur "on the job." ECF No. 7 at 3. The amended complaint does not allege that Intertex—or any Intertex employee or representative—took additional actions against Plaintiff on account of his race. *See id.*

Separately, Plaintiff alleges that he was "wrongfully terminated" from his employment at Denali on October 25, 2023. *Id.* at 3–4. While Plaintiff alleges that this is a "false claim," *id.* at 4, the Court will construe this as a wrongful termination claim. Plaintiff alleges that he was terminated because he was "injured on the job," but Denali instead claimed that it terminated him because of one or more "violation[s] of [its] Attendance [P]olicy." *Id.* Plaintiff further alleges that the termination was retaliation for Plaintiff informing Denali about his job-related injury. *Id.*

As alleged, both of Plaintiff's employment-related claims fail. To the extent that Plaintiff intends to bring a wrongful termination claim against Denali solely related to his attendance or workplace injury, he cannot proceed in federal court. Absent a showing of discrimination due to Plaintiff belonging to a protected class—such as race, gender, age, disability, or religion, wrongful termination is not a federal cause of action. *See Hicks v. Milwaukee Cnty. Transp. Serv.*, No. 23-CV-1719-PP, 2024 WL 4554030, at *3 (E.D. Wis. Oct. 23, 2024) ("To state a claim in federal court . . . the plaintiff must allege that [his] employer discriminated against [him] for a prohibited reason—such as race, gender, age, disability or religion.")

Case 2:24-cv-01015-JPS    Filed 01/10/25    Page 13 of 20    Document 9

To the extent that Plaintiff faced adverse employment action based on his race, gender, age, disability or religion, he may be able to amend and support an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") or 42 U.S.C. § 1981. Plaintiff's allegations in the amended complaint, however, do not sufficiently allege a Title VII or § 1981 claim. "Title VII . . . prohibits discrimination '[a]gainst any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Badal v. Ariens Co.*, No. 17-C-1704, 2018 WL 3037401, at *3 (E.D. Wis. June 19, 2018) (citation omitted); *see Arms v. Milwaukee County (Dep't on Aging)*, No. 18-CV-1835, 2019 WL 1981036, at *3 (E.D. Wis. May 1, 2019) ("An employer who discriminates against an employee because of [his] race or retaliates against [him] for protesting unlawful discrimination violates Title VII . . . and 42 U.S.C. § 1981." (citing *Mintz v. Caterpillar, Inc.*, 788 F.3d 673, 679 (7th Cir. 2015))). And while the pleading standards for discrimination based on race are "minimal," Plaintiff's failure to allege any adverse employment action based on his belonging to a protected class is fatal to his discrimination claims as pled. *Arms*, 2019 WL 1981036, at *3 ("A complaint need only allege that the employer instituted a specific adverse employment action against the plaintiff on the basis of [his] race." (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 633 (7th Cir. 2013))); *Iqbal*, 556 U.S. at 679 *(*"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2))); *see, e.g., Badal*, 2018 WL 3037401, at *4 (dismissing Title VII claims because "there [was] no allegation of discrimination on the

basis of race or national origin in any of the Title VII counts or any of the factual allegations on which they [we]re based").

While Plaintiff's claims, as alleged, cannot proceed, the Court recognizes that it is possible that Plaintiff may be able to support a claim of employment discrimination and accordingly will grant Plaintiff leave to amend his complaint to support his employment discrimination claims against Denali or Intertex. As previously explained, Plaintiff may not proceed against **both** Denali and Intertex in the same lawsuit, nor can he proceed against his prior attorney in the same lawsuit. Accordingly, he may choose whether to proceed with his claims against **one** of these employers—**or** with his attorney misrepresentation claim—and may amend his complaint accordingly.

### 3.3.4 Attorney Misrepresentation Claim

The complaint contains just one reference to Plaintiff's attorney, "Vallria Tay[l]or," presumably named Defendant, Valeria Lenise Taylor ("Taylor"). ECF No. 7 at 7. Plaintiff alleges that Taylor was his attorney "who violated [his] constitutional rights by misrepresentation and using threats [related to] more time." *Id.* The complaint does not specify any specific relief that Plaintiff seeks related to Taylor's alleged "misrepresentation," but the only relief Plaintiff requests for any of his claims is monetary. *See id.* at 11.

Without knowing more details, it is impossible for the Court to analyze whether Plaintiff has a cognizable federal claim that is within the Court's jurisdiction. Plaintiff's allegations must provide "fair notice of what his . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. The allegations must also "plausibly suggest that [Plaintiff] has a right to relief." *Kubiak*, 810 F.3d at 480 (quoting *EEOC*, 496 F.3d at 776). Because

Plaintiff does not clearly allege when, where, or how Taylor purportedly harmed him, he has failed to state a claim against her. Accordingly, the Court will grant Plaintiff leave to amend the complaint as to Taylor. As stated above, however, Plaintiff may only proceed in this lawsuit against Denali, Intertex, **or** Taylor. Accordingly, he may choose whether to proceed with his attorney misrepresentation claim—**or** with his claims against **one** of his employers—and may amend his complaint accordingly.

The Court will further note that Plaintiff should consider whether any claim he may have against Taylor might be barred by any relevant statute of limitations and—if Taylor represented him related to the underlying paternity or child support actions, or related criminal proceedings—if his claims might be barred for similar reasons as his due process claims related to those proceedings. *See supra* Section 3.2.

### 3.3.5    Injury While in Prison

Plaintiff alleges that he "was [i]njured in a . . . van accident at Thompson Correctional [Center]" in 2002. ECF No. 7 at 7. The fact that Plaintiff was injured while incarcerated does not in itself constitute a claim: the amended complaint does not state who is responsible for Plaintiff's injury, how he was injured, whether he received adequate medical attention, and what relief he seeks. *Id.* Once again, Plaintiff's allegations must provide "fair notice of what his . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. The allegations must also "plausibly suggest that [Plaintiff] has a right to relief." *Kubiak*, 810 F.3d at 480 (quoting *EEOC*, 496 F.3d at 776). His mere allegation that he was injured fails to state a claim.

Because this injury claim is completely void of detail and since Plaintiff does not specify which Defendant, if any, relates to these

allegations—and any such claim cannot proceed alongside unrelated employment and/or attorney misrepresentation claims—the Court will dismiss it from this case without prejudice. Plaintiff may raise this claim, should he choose, in a separate lawsuit. *See, e.g., Yeoman*, 2024 WL 551835, at *6.

4.      **MOTION FOR A SCHEDULING CONFERENCE**

Plaintiff, in a filing titled "Motion," requests "[s]ettlement in [his] case;" and "for a scheduling conference . . . to discuss how the case will proceed," to "show evidence," and to discuss summary judgment. ECF No. 8. For the reasons stated *infra* Section 3, Plaintiff's case may not proceed as pled. Accordingly, the relief Plaintiff requests in this motion is premature and the Court will deny Plaintiff's motion.

5.      **CONCLUSION**

For the reasons stated above, the Court will grant Plaintiff leave to file a second amended complaint, but if he chooses to do so, he may include allegations as to **one defendant only**; Plaintiff may choose to pursue his claim against Denali, Intertex, **or** Taylor. Failure to file an amended complaint by **February 10, 2025** will result in dismissal of this action without prejudice for lack of jurisdiction under the case law and doctrines set forth above. The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list the defendant related to the claim he chooses—Denali, Intertex, or Taylor—in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to *five additional sheets of paper*. The Court notes that Plaintiff was permitted to use five

additional sheets of paper in his second amended complaint and he failed to comply, instead using eight extra sheets of paper. If Plaintiff again chooses to ignore the Court's instructions and exceeds its page limit, the Court *will not consider any of Plaintiff's allegations that go beyond the five extra page limit.*

Plaintiff is advised that the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." The second amended complaint supersedes the original and amended complaints and must be complete in itself without reference to the other complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). In other words, a piecemeal amendment is not permitted. If Plaintiff wishes to file a second amended complaint, he must include clear and concise iterations of all of the allegations and claims (including those from the original and amended complaints) that he wishes to make, in a single filing without reference to other documents. If a second amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915.

The Court reiterates that it is granting Plaintiff leave to amend with respect to one defendant only—either Denali, Intertex, **or** Taylor. If Plaintiff again includes claims related to his paternity and child support actions and subsequent efforts to collect child support he owes, the Court will dismiss those claims without prejudice and impose a filing bar on Plaintiff to

prevent him from again bringing those jurisdictionally-barred claims before the Court.

The Court warns Plaintiff that if he fails to comply with this or any of the Court's orders, his case will be dismissed without further notice for failure to prosecute.

Accordingly,

IT IS ORDERED that Plaintiff Robert D. Keith's *qui tam* False Claims Act claims and his due process claims related to his state paternity and child support proceedings be and the same are hereby DISMISSED without prejudice;

IT IS FURTHER ORDERED that Plaintiff Robert D. Keith's claim related to his injury while incarcerated be and the same is hereby DISMISSED without prejudice;

IT IS FURTHER ORDERED that Defendants State of Wisconsin Office of Secretary of State, Milwaukee County Courthouse, Bureau of Child Support, Wisconsin Department of Revenue, Wisconsin Department of Motor Vehicles, U.S. Department of the Treasury Bureau of the Fiscal Service, Arch Insurance Company, Milwaukee Center for Independence, Inc., Wisconsin Department of Workforce Development Workers Compensation Division, and Aurora Sinai Medical Center be and the same are hereby DISMISSED from this action;

IT IS FURTHER ORDERED that Plaintiff's Robert D. Keith's motion for scheduling conference, ECF No. 8, be and the same is hereby DENIED;

IT IS FURTHER ORDERED that Plaintiff Robert D. Keith shall FILE a second amended complaint by February 10, 2025, using the provided

form and in accordance with the instructions provided herein; failure to do so will result in dismissal of the action without prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff Robert D. Keith a blank non-prisoner amended complaint form along with this Order.

Dated at Milwaukee, Wisconsin, this 10th day of January, 2025.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiff will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.