UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT D. KEITH,

                Plaintiff,

v.

VALERIA LENISE TAYLOR, DENALI INGREDIENTS LLC, and DAKOTA INTERTEX,

                Defendants.

Case No. 24-CV-1015-JPS

**ORDER**

---

      Plaintiff Robert D. Keith ("Plaintiff"), proceeding pro se, filed this action in August 2024, alleging various claims against institutional, corporation, and individual defendants, including a qui tam False Claims Act claim. ECF No. 1. Plaintiff also filed a motion for leave to proceed without prepayment of the filing fee, or in forma pauperis. ECF No. 2. The Court screened Plaintiff's complaint in September 2024, granting him leave to hire counsel to pursue his False Claims Act claim and leave to amend his complaint to cure certain deficiencies. ECF No. 4. The Court further deferred ruling on Plaintiff's motion to proceed in forma pauperis. *Id.* at 2.

      Plaintiff filed an amended complaint in October 2024 but failed to secure counsel with respect to his False Claims Act claim. ECF No. 7. Plaintiff then filed a motion for a scheduling conference in December 2024. ECF No. 8. The Court accordingly screened his amended complaint, ECF No. 7, and addressed the pending motion, ECF No. 8, in January 2025. ECF No. 9.

In its order screening Plaintiff's amended complaint, the Court found that Plaintiff failed to cure the deficiencies described in the Court's first screening order. ECF No. 9. The Court thus dismissed Plaintiff's False Claims Act claim and individual due process claim without prejudice and dismissed related defendants from the case. *Id.* at 9–10, 19. The Court also addressed several issues not delineated in its first screening order, including issues with Plaintiff's purported wrongful termination claim, employment-related discrimination claim, attorney misrepresentation claim, and a claim related to an injury he experienced while incarcerated. *Id.* at 8–9, 13–17. The Court granted Plaintiff leave to file a second amended complaint as to his choice of one of his purported employment-related claims or his attorney misrepresentation claim. *Id.* at 15–16. The Court also again deferred ruling on Plaintiff's motion to proceed in forma pauperis and denied his motion for a scheduling conference. *Id.* at 2, 17.

In granting Plaintiff leave to file a second amended complaint as to his choice of one claim and corresponding defendant, the Court warned that if he failed to comply, "**his case will be dismissed without further notice for failure to prosecute.**" *Id.* at 19–20. The Court ordered Plaintiff to file his second amended complaint by February 10, 2025. *Id.* The Court mailed that order to Plaintiff at his address of record. *Id.*, Docket Annotation. Plaintiff has not filed a second amended complaint, nor anything further, in this case.

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see also* Civ. L.R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without

Page 2 of 4
Case 2:24-cv-01015-JPS    Filed 02/24/25    Page 2 of 4    Document 10

prejudice."). The Court may do so sua sponte. *Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006) ("[D]istrict courts have the inherent power to remedy dilatory conduct by dismissing a case for want of prosecution without a motion from the opposing party." (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) and *O'Rourke Bros., Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000))).

"A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). "Plaintiff's failure to participate in h[is] case is unacceptable." *Herndon v. SBHA*, No. 3:15 CV 169, 2017 WL 8786490, at *1 (N.D. Ind. Nov. 16, 2017) (dismissing case for failure to prosecute in part due to the plaintiff's failure to participate in the Rule 26 planning meeting). Because Plaintiff failed to comply with the Court's January 10, 2025 order to file a second amended complaint by February 10, 2025 curing the deficiencies discussed therein, the Court will dismiss this action without prejudice.

Because this action is dismissed without prejudice, Plaintiff's motion to proceed in forma pauperis, ECF No. 2, will be denied as moot.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that Plaintiff Robert D. Keith's motion to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of February, 2025.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge